**WO**                                                                                                              KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew G. Silva, | No. CV 07-1696-PHX-JAT (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Sara Olson, et al., | |
| Defendants. | |

Plaintiff Matthew G. Silva, who is confined in the Washington Penitentiary in Walla Walla, Washington, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. The Court dismissed the Complaint with leave to amend and Plaintiff filed an Amended Complaint on January 16, 2008. The Court will dismiss the action.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). Plaintiff's Complaint will be dismissed without leave to amend because the

1  defects cannot be corrected.

## III. Amended Complaint

Plaintiff names the following Defendants in the Amended Complaint: (1) Sara Olson, Assistant Attorney General, Washington State; (2) Rob McKenna, Attorney General, Washington State; (3) Christine Gregoire, Governor, Washington State; (4) Harold Clark, Secretary, Washington State Department of Corrections ("WDOC"); (5) James Thatcher, Out-of-State Superintendent, WDOC; (6) James Miller, Corrections Counselor 3, WDOC; (7) William Lucas, Corrections Counselor 3, WDOC; (8) Maggie Miller-Sout, Superintendent of Airway Heights Corrections Center ("AHCC"), WDOC; (9) Richard Hewson, Custody Unit Supervisor, AHCC; (10) Rainville, Corrections Counselor 3, AHCC; (11) John Arnold, Corrections Counselor 2, AHCC; (12) Lerch, Corrections Counselor 2, AHCC; (13) Sergeant Westfall, Corrections Sergeant, AHCC; (14) Renate Archer, Grievance Coordinator, AHCC; (15) John Ferguson, President of Corrections Corporation of America ("CCA"); (16) John Gay, Warden, Florence Corrections Center ("CCA-FCC"); (17) Samuel Rogers, Associate Warden, CCA-FCC; (18) Scott Hatten, Investigtor, CCA-FCC; (19) Sergeant/Counselor Napier, CCA-FCC; (20) Mary Verdugo, Law Librarian, CCA-FCC; (21) Corrections Corporation of America; and (22) Trans-Cor.

Plaintiff alleges four grounds for relief in the Amended Complaint: (1) Plaintiff's transfer to and housing in the CCA-FCC facility violated the Racketeer Influenced and Corrupt Organizations Act; (2) Plaintiff was denied access to the courts in violation of the First and Fourteenth Amendments; (3) Plaintiff was retaliated against, in violation of the First Amendment; and (4) Defendants' seizure of Plaintiff's legal files amounts to the common law tort of conversion. Plaintiff seeks injunctive relief and money damages.

## IV. Failure to State a Claim

### A. Count I

Plaintiff has failed to state a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. In a civil action brought under RICO, the plaintiff must allege sufficient facts to establish a "pattern of racketeering activity,"

1  which must include at least two "predicate acts," a criminal enterprise in which the
2  defendants participated, and a causal relationship between the predicate acts and the harm
3  suffered by the plaintiff. 18 U.S.C. §§ 1961-68, 2314 & 2315; Sedima, S.P.R.L. v. Imrex
4  Co., 473 U.S. 479, 496-97 (1985); River City Markets, Inc. v. Fleming Foods West, Inc., 960
5  F.2d 1458, 1464 (9th Cir.1992). "Racketeering activity" means "any act or threat involving
6  murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter,
7  or dealing in a controlled substance or listed chemical," acts indictable under specified
8  federal statutes, and certain offenses involving fraud. 18 U.S.C. § 1961(1). Plaintiff's
9  transfer to the CCA facility in Florence, Arizona from the Washington Department of
10 Corrections does not constitute an act of "kidnapping" as Plaintiff contends.

11       To allege a RICO claim, a plaintiff must also allege an impact on interstate commerce
12 or an injury to his business or property. Sedima, 473 U.S. at 495-96. Mere injury to a
13 valuable intangible property interest does not satisfy RICO's standing requirement. Guerrero
14 v. Gates, 357 F.3d 911, 920 (9th Cir. 2004). See also Oscar v. University Students Co-op.
15 Ass'n, 965 F.2d 783, 786 (9th Cir. 1992) (RICO requires a showing of concrete financial
16 loss). Government entities cannot violate RICO because they are incapable of forming the
17 malicious intent required for committing the predicate acts of racketeering under RICO.
18 Lancaster Community Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 404 (9th Cir.
19 1991).

20       Accordingly, the Court will dismiss Count I for failure to state a claim.

21       **B.**    **Count II**

22       In Count II, Plaintiff alleges that defendants denied him access to the courts by
23 transferring him and confiscating his legal materials. Plaintiff claims that as a result, five of
24 his lawsuits were dismissed and judgment entered in favor of Defendants.

25       The right of access to the courts is only a right to bring petitions or complaints to the
26 federal court and not a right to discover such claims or even to litigate them effectively once
27 filed with a court. See Lewis v. Casey, 518 U.S. 343, 354 (1996); see also, Cornett v.
28 Donovan, 51 F.3d 894, 898 (9th Cir. 1995) ("[W]e conclude the Supreme Court has clearly

1  stated that the constitutional right of access requires a state to provide a law library or legal
2  assistance only during the pleading stage of a habeas or civil rights action."). Plaintiff's
3  allegations are targeted at his ability to effectively litigate his cases beyond the pleading stage
4  and therefore fail to state a claim. Count II will be dismissed.

5      **C.  Count III**

6      In Count III, Plaintiff claims that Defendants retaliated against him "for his efforts to
7  expose their misconduct and law violations."

8      To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific
9  injury as a result of specific conduct of a defendant and show an affirmative link between the
10 injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).
11 In Count III, Plaintiff fails to identify specific retaliatory acts carried out by specific
12 defendants. Further, Plaintiff fails to describe precisely for what conduct he experienced
13 retaliatory acts. Plaintiff's allegations in Count III are vague and conclusory and therefore
14 fail to state a claim.

15     **D.  Count IV**

16     In Count IV, Plaintiff claims that the confiscation of his legal materials amounts to the
17 tort of conversion. Plaintiff has invoked this Court's diversity jurisdiction over this claim.

18     Pursuant to 28 U.S.C. § 1332, district courts have original jurisdiction in civil actions
19 where the matter in controversy exceeds $75,000.00 and where the parties are citizens of
20 different states. Although the citizenship of the parties to this case may be diverse, the
21 amount in controversy is substantially less than $75,000.00. In his Request for Relief,
22 Plaintiff asks for "compensatory and punitive damages . . . in an amount to be proven at
23 trial." "'A plaintiff suing in a federal court must show in his pleading, affirmatively and
24 distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do
25 so, the court . . . must dismiss the case . . . .'" Tosco Corp. v. Communities for a Better
26 Environment, 236 F.3d 495, 499 (9th Cir. 2001) (quoting Smith v. McCullough, 270 U.S.
27 456, 459 (1926)).

28     Plaintiff has failed to allege an amount in controversy in excess of $75,000.00 as

- 4 -

1 required to establish diversity jurisdiction. Accordingly, Count IV will be dismissed for lack
2 of jurisdiction.

### V. Dismissal without Leave to Amend

Leave to amend need not be given if a complaint as amended is subject to dismissal. Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny or grant leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. See Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996). The Court will dismiss the Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1) The Amended Complaint (Doc. #12) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(2) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

DATED this 28th day of February, 2008.

_____
James A. Teilborg
United States District Judge