**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mathew G. Silva,        ) | No. CV 07-1696-PHX-JAT (ECV) |
|                         ) | |
| Plaintiff,    ) | **ORDER** |
|                         ) | |
| vs.                     ) | |
|                         ) | |
| Sara Olson, et al.,     ) | |
|                         ) | |
| Defendants.   ) | |
|                         ) | |

Currently pending before the Court is Plaintiff Matthew G. Silva's ("Silva") Objection (Doc. 88) from the Magistrate Judge's Order (Doc. 87) and a Motion for Leave to Amend the Complaint (Doc. 95). The Court now rules on this Objection and the Motion for Leave to Amend the Complaint.

**I.     BACKGROUND**

Silva, proceeding pro se in this prisoner civil rights case, filed his initial Complaint (Doc. 1) on September 4, 2007 and a First Amended Complaint (Doc. 12) on January 16, 2008. On February 29, 2008, the Court dismissed Silva's First Amended Complaint for failure to state a claim under 28 U.S.C. § 1915A(b)(1). (Doc. 13). On December 6, 2011, however, this matter was reopened, Defendants were ordered to respond to Silva's First Amended Complaint, and the matter was referred to Magistrate Judge Edward C. Voss pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1). (Doc. 34).

On April 16, 2012, Silva filed a Motion for Extension of Time to File a Motion to Amend and/or Supplement the Complaint. (Doc. 62). On May 24, 2012, the Court denied the motion without prejudice (Doc. 64) because a Scheduling and Discovery Order (Doc. 63) was filed on May 21, 2012 setting August 23, 2012 as the deadline for filing a motion to amend the complaint.

The Scheduling Order also set June 21, 2012 as the deadline for making initial disclosures. On June 25, 2012, Silva filed a Motion for Extension of Time to Remit Preliminary Disclosures (Doc. 66) which Defendants did not oppose. The Court allowed Silva until July 21, 2012 to submit his Initial Disclosure Statement (Doc. 73, Order).

On July 23, 2012, the Washington Defendants filed a Motion to Dismiss all of Silva's claims against the Washington Defendants. (Doc. 74). On July 25, 2012, the Court filed an Order directing that Silva had until August 24, 2012 to file a response to Defendants' Motion to Dismiss. (Doc. 75 at 2). On August 30, 2012, Silva finally filed the currently pending Motion to Extend the Time to Amend Complaint, Remit Disclosures and Respond to Dismissal Motion. (Doc. 78).

In his Motion to Extend, Silva contended that he needed the additional time because of his institutional transfers between July 13, 2012 and August 8, 2012, during which he claims he was without his legal files and lacked access to legal research materials, and because prison staff allegedly refused to make legal copies for him from August 9-23, 2012.

The Washington Defendants filed an Opposition (Doc. 81) to Silva's Motion to Extend Time. Defendants argued that Silva's Motion to Extend Time should be denied because Silva had already been granted an extension to file his legal disclosures and had sufficient time to amend, for the second time, his complaint. Additionally, and based largely on the signed Declaration of Craig Jones (a prison official), Defendants argued that, in fact, Silva had been allowed regular access to his legal materials and to conduct legal research and that Silva had been allotted special privileges as a result of the number of lawsuits he currently has pending.

On October 12, 2012, Silva filed a Reply (Doc. 84) and a Motion to Strike, for Court

Ordered Legal Access or to stay the Case (Doc. 85). In Silva's Motion to Strike, he argued that the Declaration of Craig Jones contained perjury and, therefore, both it and Defendants' Opposition to his Motion to Extend Time should be stricken. Additionally, Silva again argued that his access to legal materials and research has been insufficient. Consequently, Silva asked the Court to "order defense to provide plaintiff with the minimum legal access required by the Constitution or, in the alternative, stay the case until Mr. Silva is released from prison" on March 9, 2013. (Doc. 85 at 8).

On Oct. 22, 2012, Magistrate Judge Voss considered each of Silva's three motions—Motion to Extend Time (Doc. 78), Motion to Strike (Doc. 85), and Motion for Court Ordered Legal Access or to Stay the Case (Doc. 85)—and filed an Order (Doc. 87) denying each motion, except for granting Silva an extension to file "a Response to Defendants' Motion to Dismiss within twenty (20) days of the" Order (*i.e.* by November 12, 2012). (Doc. 87 at 2-3). On November 9, 2012,[1] Silva filed the pending Objection to Magistrate Judge Voss's Order. (Doc. 88). Defendants' have filed a Response (Doc. 92) and Silva has filed a Reply (Doc. 102). On November 26, 2012, Silva also filed a Motion for Leave to Amend the Complaint. (Doc. 95).

## II. STANDARD OF REVIEW

Nondispositive pretrial orders issued by a magistrate judge may be reconsidered by a district court "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). "The clearly erroneous standard, which applies to a magistrate judge's findings of fact, is 'significantly

---

[1] Rule 72(a) of the Federal Rules of Civil Procedure requires a party to "serve and file objections to the [Magistrate Judge's] order within 14 days after being served with a copy." Defendants note that the "Order at issue [Doc. 87] was served on October 22, 2012, and Plaintiff's objection was postmarked on November 9, 2012, outside the 14-day time limit." (Doc. 92 at 3 (citing Doc. 92, Ex. 1, postmarked envelope received by defense counsel)). This Court notes that the fourteenth day was Nov. 5, 2012—the same date Silva provided next to his signature in his Objection. (Doc. 88 at 11). In the interests of fairness and given that an inmate cannot directly post his letter from prison, this Court does not find Silva's Objection untimely and will consider its merits.

- 3 -

deferential, requiring a definite and firm conviction that a mistake has been committed.'" *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 971 (C.D. Cal. 2010) (quoting *Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993)). "By contrast, the contrary to law standard . . . permits independent review of purely legal determinations by the magistrate judge." *Id.* (citations and internal quotation marks ommitted); *see also Computer Econs., Inc. v. Gartner Grp.*, Inc., 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999). With these standards in mind, the court will consider plaintiff's objection to the Order.

### III.   JUDGE VOSS'S DENIAL OF SILVA'S MOTION TO STRIKE

In the pending Objection to Judge Voss's Order, Silva objects (Doc. 88 at 1, 3-6, 11) to the denial of his Motion to Strike. The Defendants' Opposition (Doc. 81) to Silva's Motion to Extend Time relied, in part, on a signed and dated, but unsworn, Declaration of Mr. Jones who declared, "under the penalty of perjury of the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge." (Doc. 81, Exhibit 1 at 3). "[B]ased on [his] own personal knowledge, as well as a review of pertinent WSP business records . . . [and the] records maintained in the Offender Management Network Information (OMNI) system" (*id.* at ¶ 6), Mr. Jones described the access Silva had to his legal materials and legal research during the relevant time period. In his Motion to Strike, Silva claimed (Doc. 85 at 3) that Mr. Jones' claims are false, argued that the Declaration was inadmissible because it amounted to perjury and violated 28 U.S.C. § 1746 ("Unsworn declaration under penalty of perjury"), and moved to strike the Declaration and the entirety of Defendants' Opposition (Doc. 81). After considering Silva's Motion to Strike, Magistrate Judge Voss denied this motion.[2] (Doc. 87).

Rule 12(f) of the Federal Rules of Civil Procedure explains that, "on its own" or "on

---

[2] Magistrate Judge Voss's Order (Doc. 87) did not provide a rationale for denying Silva's Motion to Strike. Nonetheless, to deny the motion, Magistrate Judge Voss necessarily would have had to find that the declaration was neither an "insufficient defense or . . . redundant, immaterial, impertinent, or scandalous," Federal Rules of Civil Procedure Rule 12(f), nor inadmissible under 28 U.S.C. § 1746.

- 4 -

motion made by a party," "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Court notes that Silva did not explain the Rule 12(f) basis for his motion to strike, other than claiming that "[n]early every material factual averment in the [declaration] is false." (Doc. 85 at 3). Assuming without deciding that perjurous statements can be stricken under Rule 12(f), this Court has reviewed both the Declaration and Silva's assertions of falsity and found that Silva's claims constitute only a dispute over certain facts;[3] they do not establish clear error in a finding that Mr. Jones' Declaration was not perjurous. Accordingly, this Court defers to Magistrate Judge Voss's implicit factual conclusion that the Declaration was not perjurous, and finds neither clear error nor an application of Rule 12(f) contrary to law.

Silva also argued that the Declaration must be stricken because it does not substantially comply with the provisions of 28 U.S.C. § 1746, and is therefore inadmissible evidence. (Doc. 84 at 3). Section 1746 allows unsworn declarations to be treated with "like force and effect" as sworn declarations so long as the writing, if executed in the United States, substantially complies with the following language: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." 28 U.S.C. § 1746(1). The Declaration of Craig Jones contains the following language: "I declare under the penalty of perjury of the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge. Executed this 13th day of September, 2012 at Walla Walla, Washington." (Doc. 81, Exhibit 1 at 3).

Silva contends the foregoing language does not substantially comply with § 1746 because Mr. Jones included the words "under the laws of the State of Washington," and

---

[3] For example, Mr. Jones declared that Mr. Silva "is not restricted in . . . utilizing the WSP law library as an offender with Priority Legal User status. (Doc. 81, Ex. 1 at ¶ 22). In response, Mr. Silva claims that Mr. Jones' declared "fact" is a "false statement[] that amount[s] to perjury" (Doc. 85 at 3), but Mr. Silva offers nothing to support his claim except for two "kites exchanged between Mr. Silva and E-Unit staff as dated" (Doc. 85, Ex. 2) and his own assertions to the contrary. The Court notes, however, that aside from possessing questionable admissibility, these "kites" do not speak to Mr. Silva's priority legal user designation or access to the WSP library.

- 5 -

thereby "insulates [the prison official] from prosecution in this jurisdiction for his false statements." (Doc. 88 at 5). This Court finds the Declaration substantially complies with the language of § 1746. *See, e.g.*, *Buckheit v. Dennis*, No. 09-cv-05000, slip op., 2013 WL 427122, at *1 (N.D. Cal. Feb. 4, 2013) (holding that a declaration containing "under the laws of the State of California" substantially complied with § 1746). Therefore Mr. Jones will be subject to perjury charges under 18 U.S.C. § 1621 if the information is not true. *Dickinson v. Wainwright*, 626 F.2d 1184, 1186 (5th Cir.1980) ("One who subscribes to a false statement under penalty of perjury pursuant to section 1746 may be charged with perjury under 18 U.S.C. § 1621, just as if the statement were made under oath."). The Declaration of Craig Jones is therefore admissible evidence, and Magistrate Judge Voss's Order did not deny Silva's Motion to Strike contrary to law.

Upon consideration, the Court concludes that Magistrate Judge Voss's decision to deny Silva's Motion to Strike was neither clearly erroneous nor contrary to law. Accordingly, the Court overrules Silva's objection.

## IV. JUDGE VOSS'S DENIAL OF SILVA'S MOTION TO EXTEND TIME TO AMEND COMPLAINT, REMIT DISCLOSURES AND RESPOND TO DISMISSAL MOTION

In the pending Objection to Judge Voss's Order, Silva objects (Doc. 88 at 1-3, 6-9, 11) to the denial of his Motion to Extend Time to Amend Complaint and to Remit Disclosures (Doc. 78). Pursuant to the Rule 16 Scheduling Order filed on May 21, 2012, Silva was required to remit initial disclosures by June 21, 2012 and file an Amended Complaint by August 23, 2012. (Doc. 63 at 1-2). On Silva's unopposed motion, the Court extended the disclosure deadline to July 21, 2012. (Doc. 73). On August 30, 2012, Silva filed the relevant Motion to Extend (Doc. 78), claiming that between July 13 and August 23, the actions of prison staff and his transfer to a different facility prevented him from accessing his legal materials, performing legal research, and meeting the Court's deadlines. After considering the motion, Magistrate Judge Voss found that Silva "ha[d] not asserted good cause for extending these deadlines" and denied the motion. (Doc. 87 at 2).

Generally, Federal Rule of Civil Procedure 15(a) governs a motion to amend

- 6 -

pleadings to add claims or parties. In the present case, however, Federal Rule of Civil Procedure 16 also applies because Silva requested leave to amend his Complaint after the Rule 16 Scheduling Order deadline expired. Therefore, it is appropriate to discuss both Rule 15 and Rule 16.

With respect to the interplay between Rules 16 and 15(a), "[a]s the Ninth Circuit explained in *Johnson*, once the district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a)." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999); *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987) (finding that a party seeking to amend a pleading after the scheduling order date must first show "good cause" for not amending the complaint sooner, and if "good cause" is established, the party must demonstrate that the amendment was proper under Rule 15). "If [the court] considered only Rule 15(a) without regard to Rule 16(b), it would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). Accordingly, if the Court does not find "good cause" for Silva's Motion to Extend Time to Amend Complaint and to Remit Disclosures under Rule 16, then Rule 15(a) need not be analyzed.

Rule 16 applies to pretrial conferences and scheduling orders. This Rule provides that the Court enter a scheduling order that sets various deadlines and that the deadlines set should not be modified except upon a showing of good cause and by leave of the district judge. Fed. R. Civ. P 16(b). The Ninth Circuit has explained that "[u]nlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). However, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.*

"Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification . . . If that party was not diligent, the inquiry should end." *Id.*

Silva argues that he demonstrated good cause because prison officials acted to prevent him from meeting the court-ordered deadlines. Specifically, Silva alleged that:

> prison staff transferred [him] to the [prison] segregation unit on July 13th. Once there, [he] had no access to his legal files and no access to legal research materials to draft and mail timely initial disclosures. Then on August 8, 2012, Mr. Silva was moved [to a new prison facility] and his files have not yet been provided to him. . . . Additionally, after [he] arrived at the [new prison facility], staff there refused to make any legal copies for him from August 8th through 23rd.

(Doc. 78 at 1-2; *see* Doc. 84 at 2, 7-8).

Additionally, Silva claims that his limited access to the prison's law library constituted "good cause" for extension of the Rule 16 deadlines. (Doc. 84 at 4). In his Reply, Silva explained that he had "priority scheduling" for the law library. *Id.* This meant that instead of only two weekly two-hour sessions typically available to prisoners, Silva received five of the two-hour sessions per week during the thirty days prior to a court deadline. *Id.* Silva argued, however, that a total of ten hours per week was insufficient because he had "over twenty" active civil actions pending at the relevant time and priority scheduling only allows work on the cases with impending deadlines. *Id.*

Oppositely, Defendants argued that during the relevant time, Silva did, in fact, have access to his legal materials and legal research. (Doc. 81 at 3-4). Defendants point to Silva's ability to draft a "Reply Re: Motion for More Time to Serve Defendants" (Doc. 76)—dated July 23, 2012—which, although handwritten, includes numerous legal citations.[4] Additionally, Defendants allege that "on several occasions" Silva would "decline" his

---

[4] The Court notes that in their Response to Silva's Objection, Defendants include evidence that Silva had been drafting and filing various motions and pleadings in other litigation during the time period relevant here. (Doc. 92 at 4-5). The Court will not consider this evidence when reviewing Magistrate Judge Voss's Order.

- 8 -

allotted priority law library time in favor of recreation time in the yard. (Doc. 81, Ex. 1 at ¶ 1).

Defendants' factual claims drastically undermine Silva's claim of "good cause" by implicating Silva's diligence in pursuing this litigation. Even if this Court accepted Silva's allegations as uncontroverted, however, they do not demonstrate the diligence necessary for a finding of good cause. The Rule 16 deadlines were set on May 21 and staggered: June 21 for initial disclosure, July 21 for the extension of initial disclosure, and August 23 for an amended complaint. Consequently, Silva would have had priority scheduling for this matter for ninety-days prior to the amended complaint deadline. Even if prison officials had, indeed, obstructed his legal work beginning July 13, Silva still would have had almost eight weeks of priority scheduling to complete his initial disclosures and amended complaint before July 13.[5] Accordingly, the Court finds no clear error with Magistrate Judge Voss's factual finding that Silva "had approximately three months to file a motion to amend the complaint" and "was granted a 30-day extension of time to submit Initial Disclosure." (Doc. 87 at 2).

In light of Silva's repeated allegations of obstruction, waiting until a deadline neared is not the act of a diligent litigant. A diligent litigant, fearful of obstruction, would have actively drafted initial disclosures and an amended complaint immediately upon the return of his legal materials and access to the law library. Accordingly, the Court does not find Magistrate Judge Voss's conclusion that Silva "has not asserted good cause for extending these [Rule 16] deadlines" contrary to law.

Upon consideration, the Court concludes that Magistrate Judge Voss's decision to

---

[5] In this Objection, Silva argues, for the first time, that he "could not amend his complaint from February through June, 2012, because prison staff seized and withheld all of his legal files. (Doc. 88 at 7). First, this Court notes that it cannot include this "fact" in its review of Judge Voss's Order because this "fact" was not previously raised for Magistrate Judge Voss to consider when making his Order. But even if accepted for consideration, this "fact" would not affect the Court's analysis because on June 25, 2012, Silva filed a Motion for Extension of Time (Doc. 66), which claimed that the legal files had been returned and specifically requested the July 21, 2012 disclosure deadline (which this Court granted).

- 9 -

deny Silva's Motion to Extend Time to Amend Complaint and to Remit Disclosures (Doc. 78) was neither clearly erroneous nor contrary to law. Accordingly, the Court overrules Silva's objection.

## V.   JUDGE VOSS'S DENIAL OF SILVA'S MOTION FOR COURT ORDERED LEGAL ACCESS OR TO STAY THE CASE

In his Motion for Court Ordered Legal Access or to Stay the Case, Silva requested that the Court "order [the Defendants] to provide [Silva] with the minimum legal access required by the Constitution[6] or, in the alternative, to stay the case until Mr. Silva is released from prison" on March 9, 2013. (Doc. 85 at 8). Specifically, Silva alleged that Defendants had afforded him inadequate access to his legal materials, that the prison's law library is lacking in materials and paper, and that Silva had been denied sufficient law library time to focus on this case. (Doc. 85 at 4-6, 8). After considering Silva's Motion, Magistrate Judge Voss denied it. (Doc. 87 at 3).

A federal Court in California faced a similar question in the habeas context. *See Peyton v. Woodward*, 2007 WL 120007 (E.D. Cal. Jan. 11, 2007). In *Peyton*, Petitioner alleged that he was being denied access to his legal materials and that such denial was impeding his ability to file a supplement to his objections to the Report and Recommendation issued by the Magistrate Judge. After advising that Petitioner's claims concerning the conditions of his confinement "are more properly raised in a civil rights complaint filed pursuant to 28 U.S.C. § 1983," the Court held as follows:

> Petitioner fails to establish he is entitled to preliminary injunctive relief. To prevail on such a request, the moving party must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." *Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc.*, 762 F.2d 1374, 1376 (9th Cir. 1985), quoting *Apple Computer, Inc. v. Formula International, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984); *see also Hartikka v. United States*, 754 F.2d 1516, 1518 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable

---

[6] The Court construes Silva's request as a request for a preliminary injunction.

- 10 -

> injury shown. *Oakland Tribune*, 762 F.2d at 1376. "Under either formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." *Id.* In the absence of a significant showing of irreparability, the court need not reach the issue of likelihood of success on the merits. *Id.*
>
> Petitioner alleges a denial of his right of access to the courts. The right to access the courts is limited to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement. *Lewis v. Casey*, 518 U.S. 343 [sic] at 354-55. A prisoner alleging a violation of his right of access to the courts must demonstrate that he has suffered "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349-50 (1996). The actual-injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Id.* at 353. Further, "the injury requirement is not satisfied by just any type of frustrated legal claim," but rather, the legal claim which was allegedly interfered with must involve either an inmate's attempt to attack his sentence or an action to challenge the conditions of his confinement.

*Id.* at *1-2. Because Silva must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded" in order to demonstrate "actual injury," *Lewis*, 518 U.S. at 353, the Court will review Silva's allegations for "actual injury" on two temporal axes: injury that has already occurred, and injury that will occur if his allegations are not redressed.

First, with regards to actual injury already suffered, the Court notes that in his pleadings, Silva has alleged the same factual basis to support both his arguments that "good cause" existed for modification of a Rule 16 deadline, and to establish previous "actual injury" that had "frustrated" his legal claim. (Docs. 78, 84-85). For the reasons described above, the Court does not find that Silva's allegations demonstrated that his legal claims had been frustrated. Therefore, Silva did not demonstrate that "actual injury" had already occurred.

Second, with regards to potential future actual injury if his allegations were not redressed, the Court notes that at the time that Silva had filed the motion, he had two pending matters: (1) a Motion to Extend Time to remit his initial disclosures and amend his complaint (Doc. 78), and (2) the opportunity to file a Response to Defendants' July 23, 2012 Motion to Dismiss (Doc. 74). Had Silva's motion for an extension of time been granted, then Silva's allegations of a denial of his right of access to the courts, if true, may have injured his ability

- 11 -

1  to remit initial disclosure or file an amended complaint in accordance with the new court-
2  ordered deadlines. The motion to extend time, however, was not granted. Consequently, any
3  potential injuries regarding impediments to meeting the new disclosure or amended
4  complaint deadlines were unrealized and cannot have been "actual injuries."

5  Silva was, however, granted a twenty-day extension of time to file his Response to
6  Defendants' July 23, 2012 Motion to Dismiss. Consequently, the Court must analyze
7  whether or not Silva had demonstrated "actual injury" by "demonstrat[ing] that a
8  nonfrivolous legal claim . . . was being impeded." *Lewis*, 518 U.S. at 353. Even if the Court
9  accepted Silva's allegations as wholly accurate—which the Court has not done—the fact
10 remains that Silva explicitly asked the Court to extend its deadline to submit a Response to
11 Defendants' Motion to Dismiss to September 31, 2012.[7] (Doc. 78 at 1). This indicated that,
12 regardless of his allegations of impediments to pursuing his legal claims (insufficient law
13 library time, poorly stocked law library, and inadequate paper supplies), Silva believed that
14 he could meet a future deadline of September 31, 2012. After considering this, Magistrate
15 Judge Voss extended the deadline for Silva's Response to November 12, 2012—far beyond
16 Silva's September 31 request. Consequently, Silva's alleged impediments did not
17 demonstrate "actual injury" that would occur if his allegations were not redressed by the
18 Court.

19 Because Silva failed to demonstrate "actual" injury from his allegations of a denial
20 of his right of access to the courts, Silva did not "demonstrate that there exists a significant
21 threat of irreparable injury." *Oakland Tribune*, 762 F.2d at 1376. Accordingly, Silva was
22 not entitled to preliminary injunctive relief and magistrate Judge Voss's decision to that
23 effect was not made with clear error or contrary to law.

24 In the alternative, Silva requested a stay in proceedings until he is released from prison
25 on March 9, 2013. In light of the foregoing finding that Silva was not denied his right of

---

[7] The Court notes that, in his motion for a stay, Silva misstated his requested deadline as "7/31/12," and not September 31, 2012. (Doc. 85 at 2).

- 12 -

access to the courts, the Court finds that Magistrate Judge Voss's decision to deny Silva's motion to stay was not made with clear error or contrary to law.

Upon consideration, the Court concludes that Magistrate Judge Voss's decision to deny Silva's Motion for Court Ordered Legal Access or to Stay the Case (Doc. 85) was neither clearly erroneous nor contrary to law. Accordingly, the Court overrules Silva's objection.

## VI.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Silva's Objection to Magistrate Judge Voss's Order (Doc. 88) shall be overruled.

**IT IS FURTHER ORDERED** that Silva's Motion for Leave to Amend Complaint (Doc. 95) is denied.

DATED this 1st day of March, 2013.

James A. Teilborg
Senior United States District Judge